IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER, | |
| Plaintiff, | 8:23CV218 |
| vs. | |
| HUSKER AUTO GROUP & MANUFACTURER, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff Carlton R. Carter ("Plaintiff") filed his Complaint on May 24, 2023, without alleging a jurisdictional basis under which to proceed. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. This matter is now before the Court to conduct an initial review of Plaintiffs' pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e), and on Plaintiff's Motion dated July 8, 2024, that this Court construes as a motion for status, Filing No. 10, as well as Plaintiff's motion seeking review of pleadings and papers submitted by Plaintiff, Filing No. 6, and motion for jury trial, Filing No. 8.

The motion for status, Filing No. 10, is granted and the following status is provided: Upon initial review, for the reasons that follow, this Court finds the Complaint shall be dismissed without prejudice as it contains no jurisdictional basis under which this Court may proceed, rendering the Complaint subject to summary dismissal pursuant to 28

U.S.C. § 1915(e). As the Complaint shall be dismissed, Plaintiff's motion seeking review of pleadings and papers, Filing No. 6, and his motion for jury trial, Filing No. 8, shall be dismissed as moot.

## I.  SUMMARY OF COMPLAINT

The totality of Plaintiff's claims against sole defendant Husker Auto Group ("Husker") are incorporated into Plaintiff's Complaint by reference to a complaint filed by Plaintiff to the Better Business Bureau, Plaintiff's communications with Husker, and receipts and other documents, all of which are filed together with Plaintiff's Complaint. Filing No. 1 at 5–43. Plaintiff's allegations against Husker relate entirely to allegedly defective service and repairs performed by Husker on Plaintiff's motor vehicle and Husker's alleged failure to adequately rectify the problems with their workmanship. *Id.*

As relief Plaintiff seeks $50,000 in damages. *Id.* at 2.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and

pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III.  DISCUSSION

In his Complaint, Plaintiff does not state a jurisdictional basis for his claims against Husker, instead indicating he is unsure if this Court is the proper location in which to proceed. Filing No. 1 at 2.  Upon review of Plaintiffs' Complaint, the Court finds there is no jurisdictional basis under which Plaintiff's claims may proceed here, rendering summary dismissal of the Complaint appropriate.

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction over a case if either a federal question of law is to be adjudicated, or, if only state law claims are pled, there exists diversity of citizenship between the parties. *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 809 (8th Cir. 2003); *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990).  In the context of a federal question, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

While 42 U.S.C. § 1983 does provide individuals with a civil cause of action to recover damages for the deprivation of such rights, even had Plaintiff brought suit under 42 U.S.C. § 1983, his Complaint cannot go forward under the statute.  To proceed under

§ 1983 a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

Public officials such as police officers meet Section 1983's "color of law" standard. *United States v. Colbert*, 172 F.3d 594, 596 (8th Cir.1999) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)); *see also Screws v. United States*, 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law.... Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."). And while Section 1983 secures most constitutional rights from infringement by governments, not private parties, *see Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974), private parties acting under color of state law can be held liable under § 1983 in limited circumstances. For example, a private party acts under color of state law if it is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970) (holding proof of conspiracy between restaurant and police established restaurant acted under color of law). A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The test is whether there exists a policy, custom

4

or action by those who represent official policy which inflicts an injury actionable under § 1983. *Id.* at 694.

Here, it is clear Husker is a private business, not a public entity. And, as Plaintiff does not allege that defendant Husker, in failing to properly repair his vehicle, acted in conjunction with the state or its agents, as required by the statute, Plaintiff's Complaint cannot proceed under § 1983.

Since there is no federal question pled in the amended complaint, the Court may only exercise jurisdiction over this matter if there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004). While it is unclear to this Court if Plaintiff and Husker are citizens of different states, the Court need not make such a determination because Plaintiff does not meet the $75,000 amount in controversy threshold as he seeks $50,000 in damages. Filing No. 1 at 2. As such, this Court cannot exercise diversity jurisdiction.

As there is no apparent jurisdictional basis under which this Court could consider Plaintiff's Complaint, the Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for status, Filing No. 10, is granted.

2. The Complaint, Filing No. 1, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

3.	Due to the dismissal of the Complaint, Plaintiff's currently pending motion seeking review of the pleadings and papers by this Court, Filing No. 6, and motion for jury trial, Filing No. 8, are denied as moot.

4.	A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 20th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge