IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HUSKER AUTO GROUP &<br>MANUFACTURER,<br><br>　　　　　　Defendant. | 8:23CV218<br><br>MEMORANDUM AND ORDER |

This matter is now before the Court on a motion filed by Plaintiff Carlton R. Carter ("Plaintiff") seeking reconsideration of the judgment dismissing his case for lack of jurisdiction, *see* Filing No. 11, and leave to amend his complaint (the "Motion for Reconsideration")[1], which this Court construes as brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b), Filing No. 13.[2] Plaintiff also seeks to appoint counsel to "perfect his appeal" (the "Motion for Counsel"). Filing No. 14. For the following reasons both motions shall be denied.

## I. MOTION FOR COUNSEL

Plaintiff seeks the appointment of counsel, arguing that his prior filing missteps in this case occurred because he does not know or understand the rules relating to filing in this Court and that he requires counsel to proceed. Filing No. 14. While this Court

---

[1] The Motion for Reconsideration was also docketed as a Notice of Appeal as Plaintiff captioned his filing "Notice of Appeal and Motion Requesting to Amend." Filing No. 13.

[2] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).

sympathizes with Plaintiff's difficulties in navigating the legal process without counsel, unlike a criminal defendant, a civil litigant "does not have a constitutional or statutory right to appointed counsel in a civil action."  Solomon v. Sanders, No. 4:13-CV-04126-SOH, 2015 WL 1641824, at *1 (W.D. Ark. Apr. 14, 2015) (citing 28 U.S.C. § 1915(e)(1)).

While the Court may appoint counsel at its discretion for civil litigants proceeding in forma pauperis, the "relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."  Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006); see also 28 U.S.C. § 1915(e)(1) (a court "may request an attorney to represent any person unable to afford counsel.").  As at this juncture the only issue before this Court is whether this <u>Federal Court</u> has jurisdiction over the action,[3] the relative simplicity of such allegations in this three-party action does not necessitate appointment of counsel at this time.  If Plaintiff is able to proceed, the Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."  Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993).

---

[3] The Court notes that in his Motion for Reconsideration Plaintiff references actions taken by this Federal Court as being performed by the "state court" multiple times.  Filing No. 13.  To the extent Plaintiff believes he filed his claims in the state courts, he has not.  However, the filing of his claims in this Court and their dismissal for lack of jurisdiction does not preclude him from refiling them in the appropriate state court as state courts exercise a much more general jurisdiction allowing resolution of both matters that originate within a state and those based on activities and events elsewhere.  J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 881 (2011).

Moreover, Plaintiff appears to argue that appointment of counsel is necessary so he may join additional claims and defendants to this case which he apparently believes will alter this Court's prior jurisdictional findings. Filing No. 13 at 3 (seeking counsel so he may "perfect [his] appeal via amending it to reflect all entire tenure of injustices [Plaintiff has] been subject to via the state courts and its agencies deliberately failing at addressing common place practicing of racism ongoingly"). In support, Plaintiff references Hog Wild Pit BBQ, Applebee's, Schaffer's Cafeteria, Lazlo's as potential defendants, indicating he has been a plaintiff in other actions against these entities including discrimination and employment claims arising under state and federal law, and other matters which have no apparent relation to the issues relating to the repair and warranty of his motor vehicle. Filing No. 13. He now apparently seeks to "consolidate" all of his undescribed and previously dismissed claims against (or involving) these entities into this case.[4] *Id.* at 2–3.

Federal Rule of Civil Procedure 20(a)(2) imposes two specific conditions to join defendants in one action: (1) a right to relief is asserted against them jointly or severally relating to, or arising out of the same transaction or occurrence, and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). It is clear any claims against entitles Hog Wild Pit BBQ, Applebee's, Schaffer's Cafeteria, or Lazlo's relating to Plaintiff's employment and/or termination of his employment or other

---

[4] Plaintiff has previously filed the following cases in this Court: *Carter v. Tomlinson Restaurant Group, LLC* (D/B/A. Hog Wild Pit-Bar-B-Q), Case No. 8:21-CV-227 (bringing claims under Title VII and the Nebraska Fair Employment Practice Act); *Carter v. Stauffers Café*, Case No. 8:23-CV-105 (bringing claims under state law and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17 relating to his termination of employment); and *Carter v. RMH Franchise et al. (D/B/A Applebee's)*, Case No. 8:23-CV-116 (bringing claims under state law and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17 relating to his termination of employment by the defendants).

3

unspecified racial or religious discrimination claims against these same entities do not arise from the same transaction or occurrence as Plaintiff's claims relating to his motor vehicle. These unrelated claims against new and unrelated defendants simply cannot proceed in this case and the appointment of counsel will not assist in changing that result.

To the extent Plaintiff seeks the appointment of counsel to represent him on appeal, Plaintiff's motion should be addressed to the Eighth Circuit Court of Appeals. For these reasons, Plaintiff's motion to appoint counsel, Filing No. 14, shall be denied without prejudice.

## II.  MOTION FOR RECONSIDERATION

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b), has a much broader scope, providing that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(1),(6).[5]

Plaintiff's case was dismissed as there was no jurisdictional basis under which this Court could procced. Filing No. 11 at 5. It appears Plaintiff now argues that the reopening of his case and setting aside the judgment of dismissal is appropriate as newly alleged and/or clarified facts will support this Court's jurisdiction. Filing No. 13. Further, upon reopening of his case Plaintiff seeks leave to amend his Complaint to bring claims against

---

[5] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion need not be filed within a specific timeframe, and instead "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). As Plaintiff's Motion for Reconsideration was filed on October 15, 2024, *see* Filing No. 13, less than 28 days after the judgment of dismissal was entered, *see* Filing No. 12 (entered September 20, 2024), the Motion for Reconsideration is timely filed under either rule.

the State of Nebraska as well as the previous defendants in his previously discussed cases which were dismissed without prejudice.  *Id.* at 2.

As an initial matter, as noted in addressing Plaintiff's motion to appoint counsel, there is no basis for Plaintiff to join unrelated claims against unrelated defendants here, even if the claims against those defendants arose under federal law.  *See supra*.

Moreover, federal courts have a duty in every case to inquire whether the prerequisite of subject matter jurisdiction has been satisfied.  *Sac & Fox Tribe of Mississippi in Iowa Election Bd. v. Bureau of Indian Affs.*, 321 F. Supp. 2d 1055, 1060 (N.D. Iowa 2004) (citing *Bradley v. American Postal Workers Union, AFL–CIO*, 962 F.2d 800, 802 n. 3 (8th Cir. 1992)).  This Court therefore cannot decide on its own to hear cases where such authority has not been vested in it by the Constitution and Congress.  *See Hubbard v. Moore*, 537 F. Supp. 126, 132 (W.D. Ark. 1982) (citations omitted). Similarly, parties to a complaint also cannot waive federal jurisdiction where it is lacking. *Id.*  Finally, "[i]f the court does not have jurisdiction, it is *obliged* to notice it on its own motion." *Id.* (emphasis added).  Therefore, in order to proceed with this matter, this Court must first determine if it has jurisdiction over the claims alleged.

In relation to Plaintiff's claims relating to the repair and warranty of his motor vehicle against Husker Auto Group ("Husker") and the unnamed manufacturer of Plaintiff's vehicle (the "Manufacturer"), federal courts may only exercise jurisdiction over a case if a federal question of law is to be adjudicated or there is diversity of citizenship between the parties.  Filing No. 11 at 3 (citing *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 809 (8th Cir. 2003); *Alumax Mill Products, Inc. v. Congress Financial Corp.*, 912 F.2d 996, 1002 (8th Cir. 1990)).  In Plaintiff's case, in order for this Federal Court to be

5

able to address the claims in his Complaint Plaintiff must establish that at least some of the claims he asserts in his Complaint arise under federal law, or that his Complaint addresses a controversy between citizens of different states and that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.

28 U.S.C. § 1331 gives federal district courts jurisdiction over all civil actions arising under federal law.  A claim arises under federal law "when federal law creates a private right of action and furnishes the substantive rules of decision."  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012).  If a plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331.[6]  See *Anthony v. Cattle Nat'l Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012) (affirming a ruling that "federal-question jurisdiction did not exist" because the statute at issue "does not create a private right of action"); *Lakes & Parks All. of Minneapolis v. Fed. Transit Admin.*, 928 F.3d 759, 761-63 (8th Cir. 2019) (treating absence of a private right of action as fatal to jurisdiction).

There are simply no allegations in the Complaint, Filing No. 1, Supplement, Filing No. 6, or Motion for Reconsideration, Filing No. 13, indicating that any of Plaintiff's claims against Husker or Manufacturer are governed by federal law.[7]  And this Court previously

---

[6] For example, 18 U.S.C. § 242, is a federal criminal statute making it a federal crime to willfully deprive someone of his or her constitutional rights.  However, only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242."  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  Therefore, there is no private right of action for an individual to bring suit under 18 U.S.C. § 242, and any attempt by an individual to raise a claim under the statute must be dismissed.  *Arnold v. Hanson*, No. 21-CV-1779 (PJS/JFD), 2021 WL 5761663, at *1 (D. Minn. Dec. 3, 2021) (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (18 U.S.C. § 242 is a criminal statute that does not provide a private cause of action).

[7] Plaintiff previously admitted in his Complaint that he was unsure if he could proceed in this Court and failed to allege any jurisdictional basis for this Court to exercise such authority.  See Filing No. 1 at 2.

attempted to determine if federal law applied to Plaintiff's claims based on the allegations and relief sought, finding that it did not. See Filing No. 11 at 3–4.

Specifically, because Plaintiff sought monetary damages this Court construed his claims as potentially arising under 42 U.S.C. § 1983 which may provide individuals with a civil cause of action to recover damages for the deprivation of constitutionally protected rights. See Filing No. 11 at 3–4. However, because 42 U.S.C. § 1983 only applies to a deprivation of constitutionally protected rights by persons acting under color of state law, and as Husker was acting as a private entity when performing repairs to Plaintiff's vehicle,[8] this Court found that Plaintiff could not proceed under § 1983. Id. at 4 (citing West v. Atkins, 487 U.S. 42, 49 (1988)). Plaintiff's clarification that he also intends to proceed against Manufacturer ultimately does not change this Court's analysis.

A private individual or entity is deemed to act under color of state law if he or she is a willful participant in joint action with the State or its agents. See e.g., Dennis v. Sparks, 449 U.S. 24, (1980). The claim Plaintiff raises against his vehicle's Manufacturer appears to be brought pursuant to his vehicle's warranty agreement, see Filing No. 6; Filing No. 13 at 1–2 (explaining that he had a warranty on his vehicle that Manufacturer failed to "fulfill"), which provides no indication that Manufacturer was doing anything other than acting as a private entity in manufacturing the vehicle. Therefore, Plaintiff still cannot proceed under 42 U.S.C. § 1983.

The Court then analyzed Plaintiff's jurisdictional allegations to determine if he could proceed in diversity. Filing No. 11 at 5. "The principal federal statute governing diversity

---

[8] As noted in the initial review Plaintiff's allegations against Husker relate entirely to allegedly defective service and repairs performed by Husker, as a private entity, on Plaintiff's motor vehicle and Husker's alleged failure to adequately rectify the problems with their workmanship. See Filing No. 11 at 2 (citing Filing No. 1 at 5–43).

7

jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)). Upon initial review this Court found that because Plaintiff had only alleged $50,000 in damages, this Court could not exercise diversity jurisdiction over his case. Filing No. 11 at 5.

Now, Plaintiff alleges that the $50,000 in damages he alleged in his Complaint did not include the value of his vehicle, which when included meets the $75,000 jurisdictional amount required to proceed in diversity. Filing No. 13 at 2. While Plaintiff meets the $75,000 jurisdictional amount, it is unclear if Plaintiff's case may proceed in diversity as Plaintiff failed to allege the citizenship of all the parties involved.

The diversity jurisdiction statute not only requires the amount in controversy to be more than $75,000, but that no defendant may hold citizenship in the same state where any plaintiff holds citizenship. See 28 U.S.C. § 1332; *see also* OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Put another way, this Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). And, to establish diversity a plaintiff "must set forth with specificity the

8

citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted).

Here, Plaintiff does not allege what state he or any defendant is a citizen of so this Court is unable to determine if Plaintiff's case may proceed in diversity. As a result, the Court will allow Plaintiff to show cause why this action should not be reopened under either Rule 59(e) or 60(b) for lack of jurisdiction. Plaintiff may do so by asserting the citizenship of himself, Husker, and Manufacturer.[9]

Accordingly, IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for appointment of counsel, Filing No. 14, is denied without prejudice.

2. Plaintiff is ordered to show cause in writing no later than **November 27, 2024**, why his motion for reconsideration, Filing No. 13, should not be denied for lack of federal subject matter jurisdiction by setting forth the citizenship of himself and both defendants. The Court shall suspend addressing the Motion for Reconsideration, Filing No. 13, until the Plaintiff has filed a response to this show cause order or the deadline to do so has passed.

3. If Plaintiff does not timely and fully comply with this order, his Motion for Reconsideration will be denied, this matter will remain closed, and the Court will process Plaintiff's Notice of Appeal, Filing No. 13, to the Eighth Circuit Court of Appeals.

---

[9] For the purposes of determining diversity of citizenship, Plaintiff must allege the state of his domicile, which is determined by a party's presence in the purported state of domicile and his or her intention to remain there indefinitely. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Diversity jurisdiction in a suit by or against an unincorporated entity such as an LLC depends on the citizenship of 'all the members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (internal quotation omitted) A corporation's citizenship is determined by: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

Dated this 28th day of October, 2024.

BY THE COURT:

*signature*

Joseph F. Bataillon
Senior United States District Court