IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLTON R. CARTER,<br><br>              Plaintiff,<br><br>vs.<br><br>HUSKER AUTO GROUP & MANUFACTURER,<br><br>              Defendant. | 8:23CV218<br><br>**MEMORANDUM AND ORDER** |

      This matter is now before the Court on what this Court previously construed as a motion for reconsideration (the "Motion for Reconsideration") and notice of appeal, Filing No. 13, and a motion titled "motion requesting courts intervention" and correspondence in support, (the "Motion"), Filing Nos. 17 and 18, filed by Plaintiff Carlton R. Carter ("Plaintiff"). This Court construes the Motion as a response to this Court's October 28, 2024, order to show cause (the "OTSC"), requiring Plaintiff to show why his Motion for Reconsideration (seeking reconsideration of the dismissal of his case for lack of federal subject matter jurisdiction) should not be denied. Filing No. 16. For the following reasons both motions shall be denied, Plaintiff's appeal to the Eighth Circuit shall be processed, and the case shall remain closed.

      In the Motion, Plaintiff appears to understand that he has not appropriately alleged jurisdiction. However, Plaintiff does not attempt to clarify his jurisdictional allegations, apparently believing "this [C]ourt is asserting that [he is] in the wrong court and have been in all [of his[ previous[ly] dismissed without prejudice causes." Filing No. 18 at 1. And, if this case is in the "wrong court" Plaintiff argues that this Court should send his "causes" to the correct court because he has no idea which court to file them in. *Id.* at 2. Plaintiff's

interpretation of this Court's prior orders is inaccurate. And, Plaintiff appears to remain confused regarding what this Court can and cannot do both regarding adjudicating his claims and assisting him generally. As such, this Court shall address the issues raised by Plaintiff in his Motion and provide clarification regarding the portions of the prior order dismissing Plaintiff's case, Filing No. 11, and the OTSC, Filing No. 16.

Plaintiff's case was dismissed as it appeared that this Court did not have jurisdiction over his Complaint. See Filing No. 11 at 3–5; Filing No. 16 at 5 (citing *Hubbard v. Moore*, 537 F. Supp. 126, 132 (W.D. Ark. 1982) (citations omitted)). Specifically, the Court found that Plaintiff had not raised a federal question and that although it was unclear from the allegations in the Complaint whether Plaintiff and defendant Husker Automotive Group ("Husker") are citizens of different states as required for diversity jurisdiction, the Court need not make such a determination because Plaintiff did not meet the $75,000 amount in controversy threshold. Filing No. 11 at 5. Ultimately without a jurisdictional basis on which to proceed the Court dismissed Plaintiff's case. *Id.*

Plaintiff then filed what this Court construed in part as a motion for reconsideration, alleging that the damages sought were indeed greater than $75,000, therefore meeting the jurisdictional amount to proceed in diversity. Filing No. 13 at 2. Upon review of the Motion for Reconsideration Plaintiff was informed that, although he met the jurisdictional amount to proceed in diversity, due to Plaintiff's failure to allege the citizenship of each of the parties this Court was still unable to ascertain whether this case could proceed in diversity. Filing No. 16 at 4–9. As a result Plaintiff was ordered to show cause why the case should not remain closed by alleging the citizenship of all of the parties. *Id.* at 9.

To clarify, in both the order dismissing this case and the OTSC Plaintiff was not informed that this Court was absolutely the "wrong" place to file his case. Instead, Plaintiff was informed that because he failed to allege the citizenship of each of the parties including himself that this Court could not determine if diversity jurisdiction over the matter was possible, and without such allegations the case could not proceed. Filing No. 16 at 9. Unfortunately, even after filing his Motion in response to the OTSC, nothing has changed.

Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (emphasis added). A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states). In re Otter Tail Power Co., 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331). "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

As the United States is not a party to this action, and it is undisputed that this action does not involve a federal question, the Court has original jurisdiction over this action only if diversity of citizenship exists. See 28 U.S.C. § 1332(a)(1). However, as the "'threshold requirement in every federal case is jurisdiction,'" before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute,

and if not, it must dismiss the case. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Moreover, "[s]ubject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail*, 116 F.3d at 1213 (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). This means this Court cannot adjudicate this matter without having the jurisdiction to do so. <u>Because Plaintiff has not provided this Court with a jurisdictional basis under which it may proceed, and as this Court does not have the authority to waive the subject matter jurisdiction requirement, this Court cannot adjudicate Plaintiff's case as pleaded</u>.

Therefore, and to clarify, because Plaintiff has not asserted the citizenship of himself or any of the defendants, this Court cannot assess whether a jurisdictional basis exists under which adjudication of this case may proceed. And, while it remains possible that Plaintiff's case may proceed in this federal court *if* Plaintiff's citizenship is different from the citizenship of all of the defendants, this Court cannot reopen the case without first determining if the citizenship of the parties meets the diversity requirement.[1]

---

[1] Citizenship of individual parties to a complaint is governed by a party's presence in and intention to remain in a state at the time a lawsuit is filed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1990) (citing *Smith v. Snerling,* 354 U.S. 91, 93 n. 1 (1957); *Blakemore v. Missouri Pac. R.R.*, 789 F.2d 616, 618 (8th Cir.1986). As such, if Plaintiff, at the time he filed this suit was present in Nebraska and intended to remain there, he would be a citizen of Nebraska. In the case of citizenship of entities, such as the Husker Auto Group and the manufacturer of Plaintiff's vehicle, the necessary allegations depend on the type of entity each party is (e.g. a corporation, LLC, banking institution, etc.).

For example, generally, a district court's "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of 'all the members.'" *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) (quoting *Chapman v. Barney,* 129 U.S. 677, 682 (1889)). The only exception to this rule is a corporation's citizenship, which is (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). A national banking association is located, for diversity jurisdiction purposes, in the state designated in its articles of association as locus of its main office, not in every state where it has branch offices. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 303 (2006); *Anthony v. Cattle Nat. Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012).

4

While this Court cannot waive the jurisdictional requirements, this Court does have the "discretion to allow the party asserting that subject matter jurisdiction exists to amend its complaint on appeal to properly allege diversity of citizenship." *Id.* (internal quotations omitted). And, allowing Plaintiff to amend his jurisdictional allegations is precisely what this Court did, via abstaining from ruling on the Motion for Reconsideration and issuing the OTSC allowing Plaintiff to plead the citizenship of the parties in support of diversity jurisdiction. Filing No. 16.

However, while Plaintiff responded to the OTSC he continues to decline supplying the citizenship of any of the parties including himself, arguing he does not know the citizenship of Husker Auto or his vehicle's *unnamed* manufacturer. *See* Filing No. 18 at 2. Plaintiff apparently believes his lack of knowledge of the citizenship of the defendants absolves him of the responsibility to provide it. This is not the case. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."); *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). Ultimately, "the fact that it may be difficult to determine the citizenship of the parties does not absolve [Plaintiff] of [his] responsibility to allege a sufficient basis for jurisdiction as a threshold matter." *Apodaca v. Sizzling Caesars, LLC*, No. 19-cv-03621-PAB, 2020 WL 773069, at *3 (D. Colo. Feb. 18, 2020).

Moreover, Plaintiff certainly should be able to allege his own citizenship. And Plaintiff, not this Court, knows who manufactured his vehicle. While ascertaining Husker

Auto Group's citizenship (and the manufacturer of Plaintiff's vehicle) may not be readily attainable, the required information should be discoverable with some research,[2] which is Plaintiff's responsibility to perform.

To clarify, because Plaintiff again failed to provide this Court with the citizenship of any of the parties there is no way for this Court to determine if Plaintiff's case can proceed in diversity. And, to reiterate, this Court does not have the authority to waive this jurisdictional requirement. As such, without a jurisdictional basis under which to proceed this Court simply cannot adjudicate Plaintiff's case, therefore the Motion for Reconsideration shall be denied and the case shall remain closed.

Plaintiff also appears to request that this Court provide instruction as to the appropriate court in which to file this case if not in this Court (along with "all previous dismissed without prejudice causes together,") Filing No. 18 at 1; *see also* Filing No. 17 at 2, or to transfer this case (and presumably all other previously dismissed cases he has filed in this district) to an unnamed court. The Court cannot grant any of Plaintiff's requests.

As an initial matter, this Court cannot reopen and consolidate cases previously filed by Plaintiff in this district. As such, Plaintiff's request to "consolidate" all of his previously dismissed cases into one case must be denied.

To the extent Plaintiff seeks direction from this Court as to where to file his case, this Court's function is to adjudicate matters, not to act as counsel for litigants. *See Auld*

---

[2] For example, many states including Nebraska, *see* https://sos.nebraska.gov/business-services/corporate-and-business, have online resources via the secretary of state's office which frequently provide the appropriate information for asserting diversity. *See e.g.* Gen. Motors LLC v. Leep Chev, LLC, No. 3:13-CV-00006-JEG, 2013 WL 12184301, at *1 (S.D. Iowa Aug. 1, 2013) (discussing a summary of each defendant's entity status and the information relevant for ascertaining citizenship provided by the plaintiff from the Iowa Secretary of State's office).

6

*v. Gonzalez Consulting Servs., Inc.*, No. 11-00498-CV-W-DW, 2012 WL 12969370, at *1 (W.D. Mo. Jan. 6, 2012) (citing Bernhardt v. Johns, 2009 WL 971443, at * 2 (D. Neb. Apr. 8, 2009) (recognizing that "the court cannot provide legal advice to Plaintiff"); *Landry v. Davis*, 2009 WL 274242, at * 4 (D. Kan. Jan. 26, 2009) ("Federal courts may not provide legal advice to a pro se litigant[.]"). As deciding where to file a case is a legal decision, *see* Sussman v. Bank of Israel, 154 F.R.D. 68, 71 (S.D.N.Y. 1994) ("Where to file an action is essentially a legal decision."), *rev'd on other grounds*, 56 F.3d 450 (2d Cir. 1995), this Court must abstain from providing such advice.

This Court also cannot transfer this matter to a Nebraska state court. There are only two mechanisms by which cases may be sent from a federal district court to a state court: "remand to the state court from which the case was originally removed; or transfer of the case to a state court pursuant to a state statute enabling such transfers." *See e.g.* Allied Signal Recovery Trust v. Allied Signal, Inc., 298 F.3d 263, 270 (3d Cir. 2002) (remand must be to state court of original jurisdiction); Weaver v. Marine Bank, 683 F.2d 744, 746–748 (3d Cir. 1982) (transfer must be enabled by state statute). Because this case was never filed in state court and Nebraska lacks a law permitting transfer, neither route to a Nebraska state court is available here. Therefore, this Court has no authority to transfer the case to state court even if Plaintiff indicated to which state court he sought transfer.

Finally, Plaintiff indicates that he is confused as to this Court's reference to state courts and the Eighth Circuit Court of Appeals in the OTSC. Filing No. 18 at 2 ("The plaintiff reads by court something about can still file in state courts and or something about the 8th circuit which the plaintiff still doesn't fully understand what State Court ......

7

where?"). To clarify, this Court's reference to the state courts was only an attempt to make it clear that dismissal of Plaintiff's case in this Court does not automatically preclude Plaintiff from filing his case in another forum, but it was not an instruction of where to file. As previously noted, this Court cannot advise Plaintiff on where to file his case (in state court or otherwise), nor can it appoint counsel to assist Plaintiff in making that decision. While the Court understands Plaintiff's frustration with the legal process, this Court is forbidden from providing the legal advice he seeks.[3]

The Court's reference to the Eighth Circuit in its prior order was due to Plaintiff's caption in his Motion for Reconsideration as a "Notice of Appeal." *See* Filing No. 13 at 1. To the extent Plaintiff seeks to appeal the decision to dismiss this case to a higher court, in this jurisdiction such an appeal would be submitted to the Eighth Circuit Court of Appeals.

For these reasons, it is THEREFORE ORDERED:

1. The Motion requesting "courts intervention," Filing No. 17, is denied.

2. The Motion for Reconsideration, Filing No. 13, is denied to the extent Plaintiff seeks reconsideration of the order dismissing his case for lack of jurisdiction. This case shall remain closed.

---

[3] While Plaintiff is encouraged to retain counsel to assist him in navigating the legal process, the Nebraska Judicial Branch provides legal "self-help" information for litigants seeking to represent themselves, *see* https://supremecourt.nebraska.gov/self-help, as do other nonprofit entities such as Legal Aid of Nebraska, *see* https://www.legalaidofnebraska.org/.

Dated this 9th day of December, 2024.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge